UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.     CASE NO.: 2:15-cr-45-SPC-MRM

DAVAN NIEVES

## ORDER[1]

Before the Court is Defendant Davan Nieves' Motion for Early Termination of Supervised Release (Doc. 407), which is not opposed by the United States Attorney's Office or by the Probation Office. For the reasons stated herein, the Court grants the motion.

In April of 2015, the Government filed a ten-count Indictment against Nieves and six co-defendants charging them with a drug conspiracy involving the sale and distribution of marijuana, as well as money laundering. (Doc. 3). Nieves pled to and was adjudicated guilty on three counts of the drug conspiracy in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(vii) and 846, and 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(D). (Doc. 237). Nieves was sentenced to sixty months imprisonment followed by forty-eight months of supervised release. (Doc. 328). Nieves has served his prison sentence and has completed

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

three years of his four-year term of supervision with one year remaining. He now asks the Court to terminate his supervision early.

After considering the factors in 18 U.S.C. § 3553(a), a court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice[.]" 18 U.S.C. § 3583(e)(1). The relevant § 3553(a) factors are: (1) the nature and circumstances of the offense; (2) the defendant's history and characteristics; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational and vocational training, medical care, or correctional treatment; (6) the applicable guideline range; (7) any policy statements set forth by the Sentencing Commission; (8) the need to avoid unwarranted sentencing disparities; and (9) the need to provide restitution. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(4)-(7). A court has discretion to end a term of supervised release early. *See United States v. Cordero*, 7 F.4th 1058, 1069 (11th Cir. 2021).

After considering the above principles against Nieves' motion and the record, the Court grants his unopposed requested relief. Nieves has completed more than half of his term of supervised release, with one year of supervision remaining. Neither the Government nor the Probation Office object to ending

Nieves' supervision early. The Court is thus satisfied that the interest of justice warrant terminating his supervised release early.

Accordingly, it is now

**ORDERED:**

Defendant Davan Nieves' Motion to Terminate Supervised Release (Doc.407) is **GRANTED**. Nieves' supervised release shall terminate on March 31, 2023.

**DONE AND ORDERED** in Fort Myers, Florida on March 20, 2023.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: Counsel of Record